# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>11-13 Wheeler Street, Livermore Falls, ME 04254 |
| **Gerald Arthur Leavitt and Michelle D. Leavitt** | Mortgage:<br>March 1, 2006<br>Book 6686, Page 29 |
| **Defendants** | |
| **Maine State Housing Authority, Birdell B. Dunham, III and Linda S. Dunham** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal

National Mortgage Association, in which the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, are the obligor and the total amount owed under the terms of the Note is Eighty-Eight Thousand Five Hundred Seven and 69/100 ($88,507.69) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 3900 Wisconsin Avenue, N.W., Washington, D.C. 20016-2892.

5. The Defendant, Gerald Arthur Leavitt, is a resident of Peru, County of Oxford and State of Maine.

6. The Defendant, Michelle D. Leavitt, is a resident of Jay, County of Franklin and State of Maine.

7. The Party-in-Interest, Maine State Housing Authority, is located at 353 Water Street, Augusta, ME 04330.

8. The Party-in-Interest, Birdell B. Dunham, III, is located at 50 Eastern Avenue, Wilton, ME 04294.

9. The Party-in-Interest, Linda S. Dunham, is located at 50 Eastern Avenue, Wilton, ME 04294.

# FACTS

10. On February 28, 2006, by virtue of a Warranty Deed from John Lucarelli, Personal Representation of the Estate of Helen S. Lucarelli, which is recorded in the Androscoggin County Registry of Deeds in **Book 6686, Page 28**, the property situated at 11 -13 Wheeler Street, Livermore Falls, County of Androscoggin, and State of Maine, was conveyed to the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

11. On March 1, 2006, the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, executed and delivered to Merrimack Mortgage Company, Inc. a certain Note in the amount of $56,000.00. Defendant, Gerald Arthur Leavitt's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

12. To secure said Note, on March 1, 2006, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Merrimack Mortgage Company, Inc., securing the property located at 11-13 Wheeler Street, Livermore Falls, ME 04254, which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 6686**, **Page 29**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Suntrust Mortgage, Inc. by virtue of an Assignment of Mortgage, dated March 25, 2014, and recorded in the Androscoggin County Registry of Deeds in **Book 8886**, **Page 7**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage, dated February 4, 2015, and recorded in the Androscoggin County Registry of Deeds in **Book 9081**, **Page 151**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to PROF-2014-S2 Legal Title Trust II, by U.S. Bank National Association as Legal Title Trustee by virtue of an Assignment of Mortgage, dated December 14, 2016, and recorded in the Androscoggin County Registry of Deeds in **Book 9516**, **Page 288**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment, dated April 20, 2018, and recorded in the Androscoggin County Registry of Deeds in **Book 9842**, **Page 168**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

17. On April 22, 2019, the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

19. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. Birdell B. Dunham, III and Linda S. Dunham are Parties-in-Interest pursuant to a Warranty Deed, dated July 13, 2006, and recorded in the Androscoggin County Registry of Deeds in **Book 6832, Page 345,** from Gerald Arthur Leavitt and Michelle D. Leavitt, which granted an undivided one-half interest to Birdell B. Dunham, III and Linda S. Dunham and they are in second position and behind Plaintiff's Mortgage.

24. Maine State Housing Authority is a Party-in-Interest pursuant to a Junior Mortgage in favor of Community Concepts Finance Corporation in the amount of $10,000.00, dated December 8, 2006, and recorded in the Androscoggin County Registry of Deeds in **Book 7004**, **Page 259** and is in third position behind Plaintiff's Mortgage.

25. The Junior Mortgage was then assigned to Maine State Housing Authority by virtue of an Assignment of Mortgage, dated December 8, 2006, and recorded in the Androscoggin County Registry of Deeds in **Book 7004**, **Page 264**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

26. The total debt owed under the Note and Mortgage as of June 30, 2019 is Eighty-Eight Thousand Five Hundred Seven and 69/100 ($88,507.69) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $50,140.76 |
| Interest | $18,119.39 |
| Escrow Advance | $14,006.86 |
| Corporate Advance | $6,240.68 |
| Grand Total | $88,507.69 |

27. Upon information and belief, the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

28. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure respecting a real estate related Mortgage and title located at 11-13 Wheeler Street, Livermore Falls, County of Androscoggin, and State of Maine. *See* Exhibit A.

30. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

31. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, are presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2014,

and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of June 30, 2019 is Eighty-Eight Thousand Five Hundred Seven and 69/100 ($88,507.69) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $50,140.76 |
| Interest | $18,119.39 |
| Escrow Advance | $14,006.86 |
| Corporate Advance | $6,240.68 |
| Grand Total | $88,507.69 |

34. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property.

36. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, on April 22, 2019, evidenced by the Certificate of Mailing. *See* Exhibit H.

37. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On March 1, 2006, the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, executed and delivered to Merrimack Mortgage Company, Inc. a certain Note in the amount of $56,000.00. *See* Exhibit B.

40. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks *in rem* judgment against the property, are in default for failure to properly tender the December 1, 2014 payment and all subsequent payments. *See* Exhibit H.

41. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt.

42. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

43. The Defendants Gerald Arthur Leavitt and Michelle D. Leavitt's breach is knowing, willful, and continuing.

44. The Defendants Gerald Arthur Leavitt and Michelle D. Leavitt's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of June 30, 2019 is Eighty-Eight Thousand Five Hundred Seven and 69/100 ($88,507.69) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $50,140.76 |
| Interest | $18,119.39 |
| Escrow Advance | $14,006.86 |
| Corporate Advance | $6,240.68 |
| Grand Total | $88,507.69 |

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, entered into a written contract with Merrimack Mortgage Company, Inc. who agreed to loan the amount of $56,000.00 to the Defendants. *See* Exhibit B.

49. As part of this contract and transaction, the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Merrimack Mortgage Company, Inc., and has performed its obligations under the Note and Mortgage.

51. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, have

breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2014 payment and all subsequent payments. *See* Exhibit H.

52. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt.

53. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

54. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, are indebted to Federal National Mortgage Association in the sum of Eighty-Eight Thousand Five Hundred Seven and 69/100 ($88,507.69) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association , to the Defendants.

55. Defendants Gerald Arthur Leavitt and Michelle D. Leavitt's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

56. The total debt owed under the Note and Mortgage as June 30, 2019 is Eighty-Eight Thousand Five Hundred Seven and 69/100 ($88,507.69) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $50,140.76 |
| Interest | $18,119.39 |
| Escrow Advance | $14,006.86 |
| Corporate Advance | $6,240.68 |
| Grand Total | $88,507.69 |

57. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

58. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

59. Merrimack Mortgage Company, Inc., predecessor-in-interest to Federal National Mortgage Association, loaned Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, $56,000.00. *See* Exhibit B.

60. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, are in default for failure to properly tender the December 1, 2014 payment and all subsequent payments. *See* Exhibit H.

61. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendant, Michelle D. Leavitt, should be required to compensate the Plaintiff, Federal National Mortgage Association.

62. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

63. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

64. Merrimack Mortgage Company, Inc., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, $56,000.00.  *See* Exhibit B.

65. The Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks *in rem* judgment against the property, have failed to repay the loan obligation.

66. As a result, the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Merrimack Mortgage Company, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

67. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## <u>COUNT VI – EQUITABLE MORTGAGE</u>

68. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 68 as if fully set forth herein.

69. The intent of Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, and the original lender, Merrimack Mortgage Company, Inc., on March 1, 2006, was to create a mortgage on the property commonly known as and numbered as 11-13 Wheeler Street, Livermore Falls, ME 04254.

70. This intent is shown by the execution of a Promissory Note dated March 1, 2006 to Merrimack Mortgage Company, Inc., in the amount of $56,000.00.

71. The value given at the time of the transaction was $56,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, and Merrimack Mortgage Company, Inc. on the date of the transaction, March 1, 2006, that a mortgage be granted on the subject property.

72. The aforesaid Promissory Note, specifically references 11-13 Wheeler Street, Livemore Falls, ME 04254, as the "Property Address."

73. In addition to the aforesaid Promissory Note, Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, also executed a Mortgage on March 1, 2006, which particularly referenced exactly the same property address of 11-13 Wheeler Street, Livermore Falls, ME 04254, which was referenced on the aforesaid Promissory Note.

74. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See*, *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230(Me. 2017).

75. This defect is not related to the original execution of the documents, nor the intent of the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, or Merrimack Mortgage Company, Inc., but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

76. The issue of an equitable mortgage (or other equitable remedies) is not addressed by Greenleaf, or its progeny; *see*, *Deschaine*, Fn. 2, Fn 4; *Pushard*, Fn 14.

77. It was the intent of Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, and Merrimack Mortgage Company, Inc., at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

78. The Plaintiff, Federal National Mortgage Association, is the owner and holder of the subject Promissory Note.

79. The Plaintiff, Federal National Mortgage Association, owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

80. Equity requires that "what ought to have been done has been done." *See*, *Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me. 1929).

81. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See*, *Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

82. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

83. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property. Defendant, Gerald Arthur Leavitt, has no personal liability in this matter.

84. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See*, *Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and i*n rem* judgment against the property;

b) Find that the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, entered into a contract for a sum certain in exchange for a loan;

c) Find that it was the intent of the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, and the original lender, Merrimack Mortgage Company, Inc., on March 1, 2006 to create a mortgage on the property commonly known as and numbered as 11-13 Wheeler Street, Livermore Falls, ME 04254;

d) Impose an equitable mortgage upon the property known as and numbered as 11-13 Wheeler Street, Livermore Falls, ME 04254;

e) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

f) Find that the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, are in breach of the Note by failing to make payment due as of December 1, 2014, and all subsequent payments;

g) Find that the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, is in breach of the Mortgage by failing to make payment due as of December 1, 2014, and all subsequent payments;

h) Find that the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks *in rem* judgment against the property, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2014 and all subsequent payments;

i) Find that the Plaintiff, Federal National Mortgage Association, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, is entitled to enforce the terms and conditions of the Note and Mortgage;

j) Find that by virtue of the money retained by the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and seeks *in rem* judgment against the property, have been unjustly enriched at the Plaintiff's expense;

k) Find that such unjust enrichment, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, entitles the Plaintiff, Federal National Mortgage Association, to restitution;

l) Find that the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, are liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

m) Find that the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, are liable to the Plaintiff for *quantum meruit*;

n) Find that the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, have appreciated and retained the benefit of the Mortgage and the subject property;

o) Find that it would be inequitable for the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

p) Find that the Plaintiff, Federal National Mortgage Association, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, is entitled to restitution for this benefit from the Defendants, Gerald Arthur Leavitt and Michelle D. Leavitt;

q) Determine the amount due on said Mortgage and Note, as affected by Defendant, Gerald Arthur Leavitt's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Gerald Arthur Leavitt, but only seeks liability on the part of Michelle D. Leavitt, and *in rem* judgment against the property, including principal, interest, reasonable attorney's fees and court costs;

r) Additionally, find that while the Defendant, Gerald Arthur Leavitt, has no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 11-13 Wheeler Street, Livermore Falls, ME 04254;

s) Grant possession to the Plaintiff, Federal National Mortgage Association, upon expiration of the period of redemption;

t) For such other and further relief as this Honorable Court deems just and equitable.

                                                    Respectfully Submitted,
                                                    Federal National Mortgage Association,
                                                    By its attorneys,

Dated: June 24, 2019                    /s/ Reneau J. Longoria, Esq.
                                                    /s/ John A. Doonan, Esq.
                                                     John A. Doonan, Esq., Bar No. 3250
                                                   Reneau J. Longoria, Esq., Bar No. 5746
                                                   Attorneys for Plaintiff
                                                   Doonan, Graves & Longoria, LLC
                                                   100 Cummings Center, Suite 225D
                                                   Beverly, MA 01915
                                                   (978) 921-2670
                                                   JAD@dgandl.com
                                                   RJL@dgandl.com