UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GERALD ARTHUR LEAVITT, et al., )<br>)<br>Defendants ) | 2:19-cv-00290-JAW |

**ORDER ON MOTION FOR SERVICE BY PUBLICATION**

This is a foreclosure action in which Plaintiff alleges that the promissory note secured by a mortgage on certain real property located in Livermore Falls, Maine, is in default. The matter is before the Court on Plaintiff's motion to serve Defendant Gerald Arthur Leavitt by publication. (Motion, ECF No. 42.)

Following a review of the record, the Court grants the motion.

### BACKGROUND FACTS

To date, Plaintiff has not served Defendant Gerald Leavitt with the complaint and summons. Plaintiff asserts it has made the following attempts to locate and serve Defendant:

1. Oxford County Deputy Sheriff, Jeffrey Huston, attempted service upon the Defendant Gerald Leavitt at 77 Paradis Road, Peru, Maine on July 12, 2019, July 29, 2019 and July 31, 2019.

2. Service of Gerald Leavitt was also attempted at the subject property, 11-13 Wheeler Street, Livermore Falls, Maine, even though Plaintiff was previously advised that the subject property was vacant and uninhabited.

3. In a letter dated January 29, 2020, Androscoggin Deputy Donald Olivier of the Androscoggin County Sheriff's Department stated he could not locate Defendant Gerald Leavitt, and stated he located a P.O. Box in Peru, Maine and that the "property was vacant and there was nothing in the two buildings."

4. Additional electronic searches, which included LexisNexis Accurint/RISK Person Investigations, PACER, Vehicle Investigations, Google searches, probate searches, ME Probationer/Prisoner search, registry of deed searches in Androscoggin County, and Whitepages searches revealed potential addresses for Defendant Gerald Leavitt, at 11-13 Wheeler Street, Livermore Falls, ME 04254; P.O. Box 214, Livermore Falls, ME 04254; 77 Paradis Road, Peru, ME 04290; P.O. Box 202, Peru, ME 04290; and 1 Orchard Drive, Jay, ME 04239.

5. In January 2020, Plaintiff reattempted service of Defendant Gerald Leavitt at 77 Paradis Road, Peru, Maine.

6. In an Affidavit in Support of Non-Service, Deputy William Nelson of the Oxford County Sheriff's Office stated that he made three attempts of service at 77 Paradis Road, Peru, Maine, on January 27, 2020, January 31, 2020, and February 3, 2020, and that he believed Gerald Leavitt was using the property as a rental property.

7. Service for Defendant Gerald Leavitt was also attempted at 1 Orchard Drive, Jay, Maine 04239 on January 21, 2020 by Chief Civil Deputy Hart L. Daley of the Franklin County Sheriff's Office, and was unsuccessful; Chief Civil Deputy Daley stated that Gerald Leavitt had not lived at 1 Orchard Drive for over 5 years and that he has a possible address in Peru, Maine.

8. On January 23, 2020, Plaintiff sent a letter with copies of the Complaint, Summons, and Civil Action Sheet, with an acceptance of service, and a self-addressed, stamped envelope to Gerald Leavitt at the following addresses: 11-13 Wheeler Street, Livermore Falls, ME 04254; P.O. Box 214, Livermore Falls, ME 04254; 77 Paradis Road, Peru, ME 04290; P.O. Box 202, Peru, ME 04290; and 1 Orchard Drive, Jay, ME 04239.

9. On January 24, 2020, Plaintiff also sent postmaster letters to the United States Postal Service Postmasters in Livermore Falls, Maine, Peru, Maine and Jay, Maine. Plaintiff has only received a response from the Postmaster of Peru, Maine, which stated there is no change of address order on file.

10. Defendant Gerald Leavitt filed Chapter 7 bankruptcy in 2014 (Petition #14-20168), in which he surrendered the subject real property located at 11-13 Wheeler Street, Livermore Falls, Maine, and was represented in said bankruptcy

      by Joyce Leary Clark, Esq.  On February 4, 2020, Plaintiff's counsel attempted to contact Attorney Clark, via telephone, with no success. On February 11, 2020, Plaintiff's counsel sent an email to Attorney Clark requesting any contact information for Defendant.  Attorney Clark provided the address of 77 Paradis Road, Peru, Maine.

11. On February 11, 2020, due to a search of the Androscoggin County Registry of Deeds website using the Defendant's name, Plaintiff's counsel sent an email requesting any contact information on file for Defendant to Jacob Manheimer, Esq., of Pierce Atwood in Portland, ME, who represented Northeast Bank in a civil action foreclosure filed in the Androscoggin County Superior Court, Docket No. RE-17-41, *Northeast Bank v. Gerald A. Leavitt, et al.,* in which a Judgment of Foreclosure and Sale was entered on March 6, 2018.  On February 11, 2020, Attorney Manheimer responded that Mr. Leavitt was served at 77 Paradis Road, Peru, Maine, on September 20, 2017, but that he was unsure of Mr. Leavitt's current address.

12. On October 14, 2020, the undersigned office contracted a private investigator, Michael Brophy, of Brophy Professional Genealogy & Heir Searching in attempt to locate Defendant Gerald Leavitt, which also proved unsuccessful.

(Affidavit of Matthew Kelly, ECF No. 42-1.)

### DISCUSSION

      Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made.  Fed. R. Civ. P. 4(e).  In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint,

3

"upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

In this case, Plaintiff has been diligent in its efforts to serve Defendant Gerald Leavitt by customary methods, has demonstrated that its efforts have been unsuccessful and has shown that further similar efforts are unlikely to be successful. The issue is whether the alternate service proposed by Plaintiff (i.e., by publication) is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the

4

action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

The law, however, recognizes that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). Additionally, "[w]here the plaintiff can show that deliberate avoidance and obstruction by the defendants have made the giving of notice impossible, statutes and caselaw have allowed substitute notice by mail and by publication in media of general and wide circulation." *SEC v. Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987). When service by publication is authorized, it is generally authorized in combination with other means of making service. *Mullane*, 339 U.S. at 316 ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably be expected to convey a warning.").

Here, the Court concludes that service by publication and two other means of service constitute reasonable measures to provide Defendant Gerald Leavitt with notice of this action. The Court will permit Plaintiff to serve Defendant Gerald Leavitt (1) by leaving a copy of the summons and complaint at 77 Paradis Road, Peru, Maine; (2) by sending a copy of the complaint and summons, by certified mail, return receipt requested, to Gerald Leavitt at P.O. Box 202, Peru, Maine; and (3) by publication in accordance with Maine Rule of Civil Procedure 4(g).

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion for service by publication. Plaintiff shall serve Defendant Gerald Leavitt (1) by leaving a copy of the

summons and complaint at 77 Paradis Road, Peru, Maine; (2) by sending a copy of the complaint and summons, by certified mail, return receipt requested, to Gerald Leavitt at P.O. Box 202, Peru, Maine; and (3) by publication in accordance with Maine Rule of Civil Procedure 4(g).  On or before December 10, 2020, Plaintiff shall submit for the Court's consideration a proposed order of service that complies with the requirements of Maine Rule of Civil Procedure 4(g), which order shall provide for publication in a newspaper of sufficient circulation within Oxford County, Maine.[2]

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of November, 2020.

---

[2] Maine Rule of Civil Procedure 4(g)(1) provides that a motion for service by alternate means shall be supported by "a draft, proposed order." M.R. Civ. P. 4(g)(1).